No. 54926.—Anglo-Oriental Importing & Rug Co. v. United States, protest 121097–K (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise consists of rugs and carpets exported from Iran between the dates of December 21, 1939, and September 26, 1941, and that the merchandise and issues are similar in all material respects to those involved in Abstract 54056. In accordance with stipulation and pursuant to the instructions contained in T. D. 51892, the collector was directed to reliquidate the entries, converting the currency of the invoices, Iranian rials, to United States dollars at the rate of $.053475 as to all items, except such as were exported for the benefit of drawback.

No. 54927.—Alexanders Dept. Stores, Inc., et al. v. United States, protests 152222–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54928.—Vintage Wines, Inc. v. United States, protests 130508–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of Lancers Rose Wine in bottles or jugs similar in all material respects to that the subject of Abstract 53224, the claim of the plaintiff was sustained.

No. 54929.—National Distillers Products Corporation v. United States, protest 111255–K (New York).

Opinion by JOHNSON, J. For the reasons stated in Austin, Nichols & Co., Inc. v. United States (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.